## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

GARY PALMER and PAMELA PALMER,⁣ )
)
        Plaintiffs, )
)
v. )  CIVIL ACTION NO. 02-JEO-0091-M
)
AMERICAN REPUBLIC INSURANCE )
COMPANY and DAVID L. LIPSCOMB, )
et al., )
)
        Defendants. )

**ENTERED**

**APR 15 2002**

## MEMORANDUM OPINION

This is purportedly a diversity action against American Republic Insurance Company

("American Republic") and David L. Lipscomb ("Lipscomb"). The plaintiffs allege (1) a breach

of contract premised on the defendants' failure to pay certain claimed medical benefits and the

alleged cancellation of benefits for a minor child, (2) fraud associated with the sale of the

insurance, (3) fraudulent suppression, (4) bad faith refusal to pay, and (5) negligence. (Doc. 1).

The matter is before the court on the plaintiffs' "Motion to Remand" (doc. 4) and American

Republic's "Motion to Stay" (doc. 5), motion for permission to take the plaintiffs' deposition

(doc. 8), motion for leave to file a request for admissions to the plaintiffs (doc. 9), and its motion

to have this court reconsider the granting of the plaintiffs' motion to amend the complaint (doc.

18).

## BACKGROUND

The original state court complaint named Lipscomb as the individual defendant who sold

the insurance policy involved in this litigation. The state complaint was served on a man named

David Lee Lipscomb. On November 21, 2001, the plaintiffs' counsel filed a motion seeking a

court order to compel both defendants (American Republic and David L. Lipscomb) to answer

their interrogatories and request for admissions that had previously been submitted.  (Doc. 1,

Motion to Compel).  On November 29, 2001, counsel for David Lee Lipscomb sent plaintiffs'

counsel a letter informing him that his client was not the proper party to this action.  (Doc. 10,

Ex. A, Att. A).  Plaintiffs' counsel did not respond.  On November 30, 2001, the state court

entered an order requiring the defendants to answer the interrogatories and answer the request for

admissions.  (Doc. 1, Order on Motion).  On December 10, 2001, counsel for David Lee

Lipscomb filed a motion seeking to have him dismissed from the state case because he was

incorrectly served.  (Doc. 1, Motion to Dismiss, ¶ 1).  In support of this claim, the motion states:

> 1.  That the said David Lee Lipscomb, 2920 Old Downing Mill Road,
> Anniston, Alabama 36207, after receiving a pleading in this cause last spring,
> called the office of the Plaintiff's (sic) attorney to advise of the mistake in serving
> him as a defendant in this cause and was told to forget about it.  He then threw the
> pleading away.
>
> 2.  That the said David Lee Lipscomb recently received a copy of the
> Plaintiff's (sic) Motion to Compel and contacted Brenda S. Stedham, an attorney
> in Anniston, who wrote a letter to Plaintiff's (sic) attorney regarding the same. . . .
>
> 3.  That the said David Lee Lipscomb has never worked for any insurance
> company, has never sold insurance, and only has a third grade education.
>
> 4.  That the said David Lee Lipscomb is disabled; prior to his disability, he
> worked for Samson Cortage in Anniston, Alabama.
>
> . . . .

(Doc. 1, Motion to Dismiss).  On December 17, 2001,[1] the Circuit Court of Etowah County

entered an order stating that "Defendant, David Lipscomb shall be dismissed as a party

defendant, 20 days from this date unless Plaintiff (sic) files a written objection."  (Doc. 1, Order

---

[1] The order was dated December 14, 2001.  (Doc. 10, Att. C).

on Motion; Doc. 10, Att. C). There was no objection, and the action was dismissed as to David Lee Lipscomb, the moving party, on January 3, 2002. (Doc. 1, ¶ 7).

According to counsel for the plaintiffs, an alias summons for service of process on Agent Lipscomb was requested from the state court on an unspecified date in January 2002. (Doc. 15, ¶ 5). Counsel further states that before Lipscomb was served, this action was removed. (*Id.*). On January 9, 2002, counsel for American Republic spoke with Lipscomb (the agent) and learned that he still had not been served by the plaintiffs. (Doc. 1, Notice of Removal, ¶ 6).

Defendant American Republic removed this action on January 11, 2002. (Doc. 1). It now asserts that removal is properly premised on diversity jurisdiction because it (American Republic) is not an Alabama resident, Lipscomb was fraudulently joined and, "[a]lthough no specific dollar amount is requested in conjunction with these claims, the defendant states upon information and belief that the amount in controversy exceeds $75,000." (Doc. 1, Notice of Removal, ¶¶ 3 & 7-10). In support of its claim that Lipscomb is fraudulently joined, American Republic's counsel states that "Agent Lipscomb . . . is well known to the Plaintiff Gary Palmer and continues to see him from time to time. Agent Lipscomb has also stated that he is familiar with a local attorney named Tammy Parris who he believes to be the referring attorney that sent this case to the Plaintiffs' counsel." (Doc. 10, ¶ 7). American Republic's counsel further notes that "Agent Lipscomb has been in business in the Gadsden area continuously selling insurance for the past six years." (*Id.*).

The plaintiffs timely filed a motion to remand this action to the Circuit Court of Etowah County on January 28, 2002. (Doc. 4). American Republic has filed a response in opposition to the motion. (Doc. 10). The plaintiffs have filed a reply to the same. (Doc. 12). The plaintiffs

3

have also filed a motion to stay the required scheduling conference pending resolution of the motion to remand. (Doc. 5). American Republic has filed a motion to stay this action for 45 days to allow it to take the deposition of the plaintiffs to establish that the amount in controversy is in excess of $74,999.99. (Doc. 8). The plaintiffs have objected to the defendant's request for a stay. (Doc. 13). American Republic has also requested leave of court to submit a request for admissions to the plaintiffs. (Doc. 9). A hearing was conducted on the motions on February 22, 2002.

The plaintiffs filed a motion for leave to amend the complaint on March 14, 2002, dismissing the fictitious parties and to add David L. Lipscomb as a defendant. (Doc. 15). The motion was granted on March 21, 2002, premised on there being no opposition from American Republic. (Doc. 16). On March 22, 2002, American Republic filed a motion opposing the plaintiffs' motion to amend and requesting that the court reconsider the granting of the motion. (Doc. 18). It asserts, among other things, that the court should have considered the *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) factors[2] in determining whether to grant the motion to amend.

---

[2] The court in *Hensgens* stated:

> Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Hensgens*, 833 F.2d at 1182.

In granting the motion to amend the complaint, the court did not consider application of 28 U.S.C. § 1447(e) or *Hensgens*.[3] The court recognized their potential applicability when the defendants filed their opposition and the motion to reconsider.

## DISCUSSION

The first question is whether diversity jurisdiction exists in this matter. American Republic asserts that it does because Lipscomb was fraudulently joined and because the amount in controversy is in excess of the jurisdictional minimum. (Doc. 1, ¶¶ 3 & 10). It also asserts, relying on *Ison Logging, L.L.C. v. John Deere Construction Equipment Company*, 2000 U.S. Dist. LEXIS 316 (S.D. Ala. January 7, 2000) and *Mask v. Chrysler Corp.*, 825 F. Supp. 285, 289 (N.D. Ala. 1993), *aff'd.* 29 F.3d 641 (11th Cir. 1994) (table), that the unserved defendant (Lipscomb) is not a party for purposes of determining diversity. The plaintiffs counter that American Republic's reliance on *Ison Logging* and *Mask* is misplaced (doc. 4, ¶¶ 9-12), that there is no evidence that they do not intend to proceed against David L. Lipscomb (*id.* at 13-22), and that the defendant "has not put forth any evidence at all in its Notice of Removal showing that the amount of controversy in this case is in excess of $75,000" (*id.* at 23-24). The plaintiffs also assert that the removal was untimely. In its reply, American Republic asserts that the plaintiffs were aware as early as April 2001 that they had served the wrong defendant and they did not correct that deficiency despite the fact that David L. Lipscomb was readily available (doc.

---

[3] The statute provides:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

10, pp. 1-6), that the removal was timely because the notice was filed within thirty days of the dismissal of the non-diverse defendant (*id.* at 8-9), and the plaintiffs do not contest that they are seeking damages in excess of the jurisdictional amount (*id.* at 9-11).

**Fraudulent Joinder**

A review of the complaint (doc. 1) and the first amended complaint (doc. 17) demonstrates that there is an apparent lack of diversity between the plaintiffs and Lipscomb. However, remand may not be necessary if American Republic can demonstrate that Lipscomb was fraudulently joined. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder was defined by the Eleventh Circuit in *Triggs*. The court stated:

> . . . . Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds* as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. . . .

*Triggs*, 154 F.3d at 1287.

American Republic asserts that joinder in this case is fraudulent because the plaintiffs have had notice since April 2001 that they served the wrong David L. Lipscomb and yet they did nothing to rectify the situation. In *Triggs*, the defendants argued, *inter alia*, that the plaintiff joined defendant John Crump Toyota solely for the purpose of defeating diversity jurisdiction. *Id.* at 1290. In rejecting this claim, the court stated:

6

. . . . We reject defendants' argument; it is inconsistent with binding precedent. Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant. In *Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart*, 227 U.S. 184, 33 S. Ct. 250, 57 L. Ed. 473 (1913), the plaintiff filed an action for personal injuries against the railway company and its servant, Barrett, whose immediate negligence allegedly caused the injury. Plaintiff and defendant Barrett were citizens of Missouri, but the railway company was diverse. The railway company sought to remove the case to federal court, arguing, *inter alia*, that Barrett was joined for the sole and fraudulent purpose of preventing a removal, being a person of little or no property while the company was fully able to pay. Rejecting that argument, the Court held: "[o]n the question of removal, we have not to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it . . . as the record stood when the removal was denied." *Id.* at 194, 33 S. Ct. at 251. The Court also said:

> Again, the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right. . . . Hence, the fact that the company is rich and Barrett poor does not affect the case.

*Id.* at 193, 33 S. Ct. at 251. *Accord Chicago, Rock Island & Pacific Ry. Co. v. Whiteaker*, 239 U.S. 421, 36 S. Ct. 152, 60 L. Ed. 360 (1915) ("to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right"); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962). In the instant case, nothing suggests an absence of a "real intention to get a joint judgment" against defendant Crump. Pursuant to the foregoing precedent, we reject defendants' "bad faith" argument.

*Id.*, 1290-91.

The issue as presented by American Republic is whether the plaintiffs really intend to pursue a judgment against Lipscomb. American Republic argues that the facts warrant the conclusion that they do not. The plaintiffs counter that the facts simply show that they were mistaken in their service. In reviewing this issue, the court must begin with the premise stated by the Eleventh Circuit Court of Appeals in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994):

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Burns*, 31 F.3d at 1095.

The record demonstrates that the plaintiffs' intent concerning prosecution of the claims against Lipscomb is not immediately evident. On the one hand, they named the agent in the original complaint and served the person they believed to be him. On the other hand, when the plaintiffs' counsel learned from the November 29, 2001 letter that the wrong Lipscomb had been served, he took no action.[4] Counsel for David Lee Lipscomb was required to file a motion to have his client dismissed from the action before David Lee Lipscomb received any relief. Additionally, while the plaintiffs' counsel did not attempt to serve the agent after removal until February 22, 2002, he has represented to this court that within no more than approximately two weeks after the state court dismissal order was entered as to David Lee Lipscomb, he applied for an alias summons for Agent Lipscomb in January 2002. (*See* Doc. 15, ¶ 5). Because of the deferential removal standard this court must apply in these situations, the undersigned finds that the defendant has not satisfied its burden of showing that the plaintiffs have no real intention to pursue a judgment against the agent.[5] This case is therefore due to be remanded to the Etowah County Circuit Court.

---

[4] Although American Republic asserts that plaintiffs' counsel had notice of the service problem in April 2001, counsel for the plaintiffs represented to the court at the hearing on the motions that he was unaware of David Lee Lipscomb contacting his office at that time.

[5] In reaching this decision, the court does find counsel's representations in the motion to remand that "the Plaintiffs" did not realize that they had served the incorrect defendant until the motion to dismiss was granted by the Etowah County Circuit Court Judge (*see* doc. 4, ¶¶ 3, 13) misleading. Although the plaintiffs themselves may not have been informed of the problem, counsel was aware of it premised on Lipscomb's counsel's letter of November 29, 2001, the filing of the motion on or about December 10, 2001, or the court's order of December 14, 2001, permitting plaintiffs' counsel to respond.

8

American Republic's reliance on *Arundar v. Staff Builders Temporary Personnel, Inc.*, 92 F.R.D. 770 (N.D. Ga. 1982) and *In re: Masonite Corp. Hardboard Siding Products Liability Litigation*, 1999 U.S. Dist. LEXIS 10255 (E.D. La. February 9, 1999), is not sufficient to alter this court's conclusion.  As noted by the defendant, *Arundar* is a case involving a motion to dismiss and not a motion to remand.  *Masonite Corp.* is distinguishable because the court's comment that a "failure to timely serve the non-diverse defendants bolsters the finding of fraudulent joinder. . ." (*Masonite Corp.*, 199 U. S. Dist. LEXIS 10255 at \*20) was premised on provisions of the MISSISSIPPI CIVIL RULES OF PROCEDURE and the FEDERAL RULES OF CIVIL PROCEDURE that mandate dismissal if service is not accomplished in 120 days.  *See* MISS. R. CIVIL P. 4(h) and FED. R. CIV. P. 4(m).  Alabama has no such rule.  *See* ALA. R. CIV. P. 4(f).

### Unserved Defendant

American Republic next asserts that this court should ignore the unserved defendant (Lipscomb) for purposes of determining whether diversity jurisdiction exists.  It relies on *Ison Logging* and *Mask*.  The United States Supreme Court has long held that the fact that a resident defendant has not been served with process does not justify removal by the non-resident defendant.  *Pullman Company v. Jenkins*, 305 U.S. 534, 541, 59 S. Ct. 347, 350-51, 83 L. Ed. 2d 334 (1939).  *Pullman* stands for the proposition that the federal district court in determining the propriety of removal based upon diversity of citizenship must consider all named defendants, regardless of service.  American Republic relies upon *Mask* for the proposition that the unserved defendant may not be considered when determining whether complete diversity of citizenship

exists between the parties.[6]  However,

> Title 28 U.S.C. § 1441(b)[, which] must be read in conjunction with
> § 1441(a), . . . limits the removal of suits where jurisdiction is based
> on diversity of citizenship, by providing that such actions are removable
> only if none of the "properly joined and served" defendants is a citizen
> of the state in which the suit is brought.[7]  [Title] 28 U.S.C. § 1441(b)
> does not change the general rule of § 1441(a), that a civil action is not
> removable unless the district court would have original jurisdiction over
> the suit.

*Kelly* [*v. Drake Beam Morin, Inc.*, 695 F. Supp. [354], 356-57 [(E.D. Mich 1988)].
Only when the district court has original jurisdiction

> will the provisions of Section 1441(b) become operative.  In other words,
> the provision in Section 1441(b) does not qualify the requirement of Section
> 1441(a) that there must be complete diversity between the named opposing
> parties; it merely adds the requirement in removal cases based on diversity
> that the joined and served defendants cannot include one from the state in
> which the action is brought.

*Schwegmann Bros.* [*v. Pharmacy Reports, Inc.*], 486 F. Supp. [606,] 614[-15 (E.D.
La. 1980)]; *see also Harris* [*v. Huffco Petroleum*], 633 F. Supp. [250,] 253 [(S.D. Ala.
1986)] (citing 28 U.S.C. § 1441(b); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.
Ed. 435 (1806); *Martin v. Snyder*, 148 U.S. 663, 13 S. Ct. 706, 37 L. Ed. 602 (1893)).
Section 1441(b) therefore "did not change the removal requirement set forth in *Pullman*

---

[6] *Mask* is not binding precedent because the Eleventh Circuit affirmed the district court without a published opinion.
Eleventh Cir. R. 36-2.  Application of *Mask* is problematic for an additional reason.  "In *Mask*, [the court] made two significant
rulings.  First, a finding that the plaintiffs had no 'real intention' of pursuing their claims against the Alabama defendants.  *Mask*
is frequently cited for this proposition.  Second, [the court] ruled that the unserved non-diverse defendants could be disregarded
in assessing the propriety of removal interpreting 28 U.S.C. § 1441(b).  It is not clear from the table affirmance of the district
court's ruling which of these holdings was sustained." *Johnson v. GE Capital Corp.*, CV 98-PWG-0727-W.

[7] 28 U.S.C. § 1441, provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of
> which the district courts of the United States have original jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the district and division embracing the place where such action
> is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall
> be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising
> under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or
> residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined
> and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §§ 1441(a) & (b).

that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Pecherski* [*v. General Motors Corp.*], 636 F.2d [1156,] 1160 [(8ᵗʰ Cir. 1981)].

*Beritiech v. Metropolitan Life Ins. Co.*, 881 F. Supp. 557, 560 (S.D. Ala. 1995).

The undersigned finds that neither *Mask* nor § 1441(b), concerning "joined and served" defendants, requires this court to disregard the citizenship of Lipscomb simply because he was not served at the time this action was removed.[8]  Such a reading would be an improper extension of diversity jurisdiction.

### Amount in Controversy

The plaintiffs also assert that American Republic has failed to adequately demonstrate that the amount in controversy exceeds the jurisdictional minimum.  American Republic retorts that the plaintiffs have not challenged the jurisdictional amount, and, if necessary, they request an opportunity to conduct discovery on this issue.  As one court recently stated,

> A removing defendant bears the burden of proving proper federal jurisdiction. *Leonard v. Enterprise Rent-a-Car,* 279 F.3d 967, 972 (11ᵗʰ Cir. 2002).  Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.  *Id.*  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams,* 269 F.3d at 1319-20.

*Nimrod v. America Merchants Life Ins. Co.*, ___ F. Supp. 2d ___, 2002 WL 397308, *1 (M.D. Ala. 2002).  American Republic's statement in the notice of removal is not sufficient; however, because of the court's disposition of this motion on other grounds, it is not necessary for this

---

[8] This court is also not persuaded by *Ison Logging* because the plaintiff in that case conceded that it would be appropriate to disregard the citizenship of the unserved defendant. *Id.*, 2000 U.S. Dist. LEXIS 316, *4.

court to afford the defendant an opportunity to conduct discovery on that issue. The motions for stays (doc. 5 & 8) and to conduct discovery (doc. 9) are moot.

## Timeliness of the Notice of Removal

In view of the foregoing, the court does not find it necessary to address the plaintiffs' challenge that the notice of removal was timely.

## Reconsideration of Motion to Amend

American Republic further requests that this court reconsider the granting of the plaintiffs' motion to amend to permit them to serve Lipscomb. (Doc. 18). In light of the disposition of this matter, the court finds that this motion is moot. In remanding this case to the state court, the parties are returning in the same position as when they were removed therefrom.[9]

## CONCLUSION

Premised on the foregoing, the court finds that it lacks subject matter jurisdiction in this matter. The plaintiffs' "Motion to Remand" (doc. 4) is due to be granted and American Republic's "Motion to Stay" (doc. 5), motion for permission to take the plaintiffs' deposition (doc. 8), motion for leave to file a request for admissions to the plaintiffs (doc. 9), and its motion to have this court reconsider its granting of the plaintiffs' motion to amend the complaint (doc. 18) are moot. An order in accord with this Memorandum Opinion will be contemporaneously entered.

---

[9] In light of the fact that the Circuit Court of Etowah County has jurisdiction over all the parties named in the lawsuit whether served or unserved, it was not necessary for this court to address the motion to amend. Additionally, upon reflection, it was not necessary for this court to grant the motion to amend for the defendant to be served by the Clerk of this Court provided the Etowah County Circuit Court only intended to dismiss the wrong party defendant (David Lee Lipscomb). To the extent the intention of the state court is not clear as to whom was dismissed, this matter may now be clarified by that court, if deemed necessary.

12

**DONE**, this the _8th_ day of April, 2002.

_Shutt_

**JOHN E. OTT**
United States Magistrate Judge

13